**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

**THE SAMUEL LAW FIRM**
Michael Samuel (MS 7997)
1441 Broadway, Suite 6085
New York, New York 10018
(212) 563-9884
michael@thesamuellawfirm.com
*Attorneys for Plaintiffs*

|  |  |
|---|---|
| Reynaldo Rueda and Stalyn Ricardo Hernandez Matute,<br><br>*Plaintiff,*<br><br>v.<br><br>Royal Skewers Inc. d/b/a Union Bistro Steakhouse and Sushi, Yaakov Gurgov, Simpka Gorgov, and David "Doe",<br><br>*Defendants.* | Docket No. 1:26-cv-02615<br><br>CIVIL ACTION<br><br>COMPLAINT |

Plaintiffs Reynaldo Rueda and Stalyn Ricardo Hernandez Matute (hereinafter collectively, "Plaintiffs"), by and through their undersigned attorneys, for their complaint against defendants Royal Skewers Inc. d/b/a Union Bistro Steakhouse and Sushi, Yaakov Gurgov, Simpka Gorgov, and David "Doe" (hereinafter collectively, "Defendants"), allege as follows:

## NATURE OF THE ACTION

1. Plaintiffs, former employees of Defendants, pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), allege that they are entitled to recover from Defendants, jointly and severally: (i)compensation for unpaid wages for overtime work for

1

which they did not receive overtime premium pay as required by law, and (ii) liquidated damages pursuant to the FLSA, 29 U.S.C. §§ 201 et seq., because the Defendants' violations were willful and lacked a good faith basis.

2.    Plaintiffs further complain that they are entitled to recover from Defendants: (i) back wages for unpaid minimum wage, and overtime premium for overtime work, each of which Defendants willfully failed to pay as required by the New York Labor Law §§ 650 et seq. ("NYLL") and the supporting New York State Department of Labor regulations; (ii) unpaid spread-of-hours compensation for shifts worked lasting in excess of 10 hours from start to finish in violation of the NYLL; (iii) liquidated damages pursuant to the NYLL for these violations; and (iv) statutory damages for the Defendants' violations of the Wage Theft Prevention Act, each of which violations caused Plaintiffs financial harm.

## PARTIES

3.    Plaintiff Reynaldo Rueda (hereinafter, "Plaintiff Rueda") is an adult individual, residing in Jamaica, New York.

4.    Plaintiff Stalyn Richardo Hernandez Matute (hereinafter, "Plaintiff Matute") is an adult individual residing in Jamaica, New York.

5.    At all times relevant herein, Royal Skewers Inc. d/b/a Union Bistro Steakhouse and Sushi has been a domestic business company organized under the laws of the State of New York with a principal place of business at 190-11 Union Tpke, Fresh Meadows, New

2

York 11366 (hereinafter, "Defendant Royal Skewers Inc.").

6.    At all times relevant herein, defendant Royal Skewers Inc. has been and continues to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

7.    Upon information and belief, at all relevant times, defendant Royal Skewers Inc. has had gross revenues in excess of $500,000.00.

8.    Upon information and belief, at all relevant times herein, defendant Royal Skewers Inc. has used goo ds and materials produced in interstate commerce and have employed at least two individuals who handled such goods and materials.

9.    Defendant Yaakov Gurgov is an adult individual, residing in this district, and is an owner or part owner and principal of Royal Skewers Inc., and/or a manager of the business who has/had the power to hire and fire employees, set wages and work schedules, and maintain their records, including those of Plaintiffs.

10.   Defendant Simpka Gorgov is an adult individual, residing in this district, and is an owner or part owner and principal of Royal Skewers Inc., and/or a manager of the business who has/had the power to hire and fire employees, set wages and work schedules, and maintain their records, including those of Plaintiffs.

11.   Defendant David "Doe" is an adult individual, residing in this district, and is an owner or part owner and principal of Royal Skewers Inc., and/or a manager of the business who has/had the power

3

to hire and fire employees, set wages and work schedules, and maintain their records, including those of Plaintiff (hereinafter referred to as "Defendant David").

12. At all times relevant herein, Defendants Yaakov Gurgov, Simpka Gorgov and David have been involved in the day-to-day operations of Royal Skewers Inc. and played active role in managing the business, scheduling, supervising and paying Plaintiffs during their employment by Defendants.

13. At all relevant times herein, Defendants each constituted an "employer" of Plaintiffs as that term is used in the Fair Labor Standards Act and New York Labor Law.

## JURISDICTION AND VENUE

14. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

15. In addition, the Court has jurisdiction over Plaintiffs' claims under the FLSA pursuant to 29 U.S.C. § 216(b).

16. Venue is proper in this district pursuant to 28 U.S.C. § 1391 as a substantial part of the events and omissions giving rise to the claims occurred in this judicial district, and Defendants conduct business through their employees, including Plaintiffs, within this judicial district.

## FACTS

17. At all relevant times herein, Defendants owned and operated a restaurant located at 190-11 Union Tpke, Fresh Meadows, New York doing business under the name Union Bistro Steakhouse and Sushi (hereinafter, "Union Bistro").

**Plaintiff Rueda.**

18. Plaintiff Rueda was employed by Defendants at Union Bistro from approximately August 4, 2024, to December 4, 2025, washing dishes and trays, cleaning bathrooms, cleaning restaurant's dining rooms and kitchens, receiving deliveries and storing them in the refrigerators or freezer, taking out trash and recycling, and acting as a kitchen helper.

19. Plaintiff Rueda's work at Union Bistro was performed in the normal course of Defendants' business, was integrated into the business of Defendants, and did not involve executive or administrative responsibilities.

20. At all relevant times herein, while employed at Union Bistro, Plaintiff Rueda was an employee engaged in commerce and/or in the production of goods for commerce, as defined in the FLSA and its implementing regulations.

21. From August 4, 2024, through December 4, 2025, Plaintiff Rueda worked a regular schedule of 5 days a week: Sunday, Monday, Tuesday, Wednesday, and Thursday, from 3:00 p.m. to 2:00 a.m.; totaling approximately 11 hours per shift and 55 hours per week; with Friday and Saturday off.

22. During his employment at Union Bistro, Plaintiff Rueda was

paid by Defendants weekly in cash at the rate of $16 per hour.

23. Plaintiff Rueda was compensated at the hourly rates described herein above for all hours worked each week during his employment by Defendants, regardless of the exact number of hours worked in a given week, including hours worked in excess of forty (40) hours per week, and was not paid any overtime premium for such overtime hours.

24. As a result, at certain points during his employment with Defendants, Plaintiff Rueda's effective hourly rate(s) of pay were below the applicable New York State minimum wage in effect at relevant times.

25. Defendants' failure to pay Plaintiff Rueda an amount at least equal to the applicable New York State minimum wage in effect during the relevant time periods was willful and lacked a good faith basis, because Defendants set Plaintiff Rueda's work schedule and compensation, paid him, and therefore were aware that he was not compensated at the applicable New York State minimum wage, at certain points during his employment with Defendants.

26. In addition, Defendants also failed to pay Plaintiff Rueda overtime compensation at rates at least equal to one-and-one-half (1.5) times the greater of Plaintiffs' regular rate of pay or the applicable New York State minimum wage in effect for all hours he worked in excess of forty (40)hours in a workweek, in violation of the FLSA, the New York Labor Law, and the supporting New York State Department of Labor regulations.

27. Defendants' failure to pay Plaintiff Rueda the overtime premium for additional overtime hours he worked was willful and lacked a good faith basis, because Defendants set Plaintiff Rueda's work schedule and rate of pay, paid him, and therefore were aware that he was working in excess of forty hours per week, and that he was not compensated at the lawful overtime rate, during his employment with Defendants.

28. Defendants also failed to pay Plaintiff Rueda an additional hour's pay at applicable minimum wage for each shift he worked lasting longer than ten hours from start to finish (the "spread-of-hours" compensation) in violation of the NYLL and supporting regulations.

29. Defendants' failure to pay Plaintiff Rueda the spread-of-hours compensation was willful and lacked a good faith basis, because Defendants set Plaintiff Rueda's work schedule and compensation, paid him, and therefore were aware that he was working shifts in excess of ten hours in length and that he was never paid for such shifts during his employment by Defendants.

30. Plaintiff Rueda received no paystubs or wage statements of any sort with his pay during his employment by Defendants, which caused him financial harm as a result of him not being informed of the actual amount paid on an hourly basis, and the lawfully applicable rates of pay owed him at all relevant times herein.

31. Defendants also failed to provide Plaintiff Rueda with a written notice providing the information required by the Wage Theft

7

Prevention Act - including, inter alia, the Defendants' contact information, the regular and overtime rates, and intended allowances claimed - and failed to obtain Plaintiff Rueda's signature acknowledging the same, upon Plaintiff Rueda's hiring or at any time thereafter, in violation of the Wage Theft Prevention Act in effect at the time, causing him financial harm resulting from him not being informed of the actual amount he was paid on an hourly basis and the lawfully applicable rates of pay owed him at all relevant times herein.

32. Defendants failed to provide Plaintiff Rueda with weekly records reflecting his compensation and hours worked during his employment by Defendants, in violation of the Wage Theft Prevention Act, causing him financial harm resulting from him not being informed of the actual amount he was paid on an hourly basis and the lawfully applicable rates of pay owed him at all relevant times herein.

33. Defendants also failed to provide Plaintiff Rueda with a written notice that he would be taking a tip credit from the minimum wage upon Plaintiff Rueda's hiring or at any time thereafter.

34. Upon information and belief, throughout Plaintiff Rueda's employment with Defendants, Defendants failed to maintain time records of Plaintiff Rueda's compensation and hours worked, in violation of the Wage Theft Prevention Act and/or provide accurate records to him.

35. Upon information and belief, throughout Plaintiff Rueda's employment with Defendants, Defendants failed to post or keep posted

8

a notice explaining the minimum wage and overtime pay rights provided by the FLSA or New York Labor Law.

**Plaintiff Matute.**

36.    Plaintiff Matute has been employed by Defendants at Union Bistro from approximately October 2025 to present, washing dishes and trays, cleaning bathrooms, cleaning restaurant's dining rooms and kitchens, receiving deliveries, and taking out the trash.

37.    Plaintiff Matute's work at Union Bistro was performed in the normal course of Defendants' business, has been integrated into the business of Defendants, and has not been involved executive or administrative responsibilities.

38.    At all relevant times herein, while employed at Union Bistro, Plaintiff Matute has been an employee engaged in commerce and/or in the production of goods for commerce, as defined in the FLSA and its implementing regulations.

39.    During his employment by Defendants, Plaintiff Matute has worked a regular work schedule of six days a week: Sunday, Monday, Tuesday, Wednesday, Thursday, and Saturday, from 4:00 p.m. to 3:00 a.m.; totaling approximately 11 hours per shift and 66 hours per week; with Friday off.

40.    During his employment at Union Bistro, Plaintiff Matute has been paid by Defendants weekly in cash, at the rate of $15 per hour.

41.    Plaintiff Matute has been compensated at the hourly rates described herein above for all hours worked each week during his

9

employment by Defendants, regardless of the exact number of hours worked in a given week, including hours worked in excess of forty (40) hours per week, and has not been paid any overtime premium for such overtime hours.

42. As a result, during his employment with Defendants, Plaintiff Matute's effective hourly rate(s) of pay have been below the applicable New York State minimum wage in effect at relevant times.

43. Defendants' failure to pay Plaintiff Matute an amount at least equal to the applicable New York State minimum wage in effect during the relevant time periods has been willful and lacked a good faith basis, because Defendants have set Plaintiff Matute's work schedule and compensation, have paid him, and therefore have been aware that he has not been compensated at the applicable New York State minimum wage, at certain points during his employment with Defendants.

44. In addition, Defendants also have failed to pay Plaintiff Matute overtime compensation at rates at least equal to one-and-one-half (1.5) times the greater of Plaintiffs' regular rate of pay or the applicable New York State minimum wage in effect for all hours he has worked in excess of forty (40)hours in a workweek, in violation of the FLSA, the New York Labor Law, and the supporting New York State Department of Labor regulations.

45. Defendants' failure to pay Plaintiff Matute the overtime pemium for additional overtime hours he has worked was willful and

lacked a good faith basis, because Defendants have set Plaintiff Matute's work schedule and rate of pay, paid him, and therefore have been aware that he has been working in excess of forty hours per week, and that he has not been compensated at the lawful overtime rate, during his employment with Defendants.

46. Defendants also have failed to pay Plaintiff Matute an additional hour's pay at applicable minimum wage for each shift he has worked lasting longer than ten hours from start to finish (the "spread-of-hours" compensation) in violation of the NYLL and supporting regulations.

47. Defendants' failure to pay Plaintiff Matute the spread-of-hours compensation has been willful and lacked a good faith basis, because Defendants have set Plaintiff Matute's work schedule and compensation, paid him, and therefore have been aware that he has been working shifts in excess of ten hours in length and that he has never been paid for such shifts during his employment by Defendants.

48. Plaintiff Matute has received no paystubs or wage statements of any sort with his pay during his employment by Defendants, which caused him financial harm as a result of him not being informed of the actual amount paid on an hourly basis, and the lawfully applicable rates of pay owed him at all relevant times herein.

49. Defendants also have failed to provide Plaintiff Matute with a written notice providing the information required by the Wage Theft Prevention Act - including, inter alia, the Defendants' contact

information, the regular and overtime rates, and intended allowances claimed - and have failed to obtain Plaintiff Matute's signature acknowledging the same, upon Plaintiff Matute's hiring or at any time thereafter, in violation of the Wage Theft Prevention Act in effect at the time, causing him financial harm resulting from him not being informed of the actual amount he was paid on an hourly basis and the lawfully applicable rates of pay owed him at all relevant times herein.

50.  Defendants have failed to provide Plaintiff Matute with weekly records reflecting his compensation and hours worked during his employment by Defendants, in violation of the Wage Theft Prevention Act, causing him financial harm resulting from him not being informed of the actual amount he has been paid on an hourly basis and the lawfully applicable rates of pay owed him at all relevant times herein.

51.  Defendants also have failed to provide Plaintiff Matute with a written notice that he would be taking a tip credit from the minimum wage upon Plaintiff Matute's hiring or at any time thereafter.

52.  Upon information and belief, throughout Plaintiff Matute's employment with Defendants, Defendants have failed to maintain time records of Plaintiff Matute's compensation and hours worked, in violation of the Wage Theft Prevention Act and/or provide accurate records to him.

53.  Upon information and belief, throughout Plaintiff Matute's

employment with Defendants, Defendants have failed to post or keep posted a notice explaining the minimum wage and overtime pay rights provided by the FLSA or New York Labor Law.

## COUNT I
## Violations of the Fair Labor Standards Act
## (Failure to Pay Overtime Compensation)

54.   Plaintiffs repeat, reallege, and incorporate by reference the foregoing allegations as if set forth fully and again herein.

55.   At all relevant times, Defendants employed Plaintiffs within the meaning of the FLSA.

56.   At all relevant times, Defendants had a policy and practice of refusing to pay Plaintiffs proper overtime compensation at rates at least one-and-one-half (1.5) times the greater of Plaintiffs' regular rate of pay or the applicable New York State minimum wage in effect for each of the hours they worked in excess of forty hours per workweek.

57.   As a result of Defendants' willful failure to compensate Plaintiffs at the lawful overtime rate for each hour of work performed in excess of forty hours per workweek, Defendants have violated the FLSA, 29 U.S.C. §§ 201 et seq., including 29 U.S.C. §§ 207(a)(1) and 215(a).

58.   The foregoing conduct, as alleged, constituted a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a) and lacked a good faith basis within the meaning of 29 U.S.C. § 260, because Defendants set Plaintiffs' work schedule and rate of pay,

paid Plaintiffs, and therefore were aware that Plaintiffs were working in excess of forty hours per week, and that they were not compensating Plaintiffs at the lawful overtime rate, during their employment with Defendants.

59. Due to the Defendants' FLSA violations, Plaintiffs are entitled to recover from Defendants their unpaid overtime compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. §216(b).

## COUNT II
### Violations of New York Labor Law
### (Failure to Pay Overtime Compensation)

41. Plaintiffs repeat, reallege, and incorporate by reference the foregoing allegations as if set forth fully and again herein.

42. At all relevant times, Plaintiffs were employed by Defendants within the meaning of the New York Labor Law, §§ 2 and 651.

43. Defendants willfully violated Plaintiffs' rights by failing to pay them overtime compensation at rates at least one-and-one-half (1.5) times the greater of Plaintiffs' regular rate of pay or the applicable New York State minimum wage in effect for each hour worked in excess of forty hours per workweek in violation of the New York Labor Law §§ 650 et seq. and its supporting regulations.

44. Defendants' failure to pay Plaintiffs overtime compensation was willful, and lacked a good faith basis, within the

meaning of New York Labor Law § 198, § 663 and supporting regulations, because Defendants set Plaintiffs' work schedule and rate of pay, paid Plaintiffs, and therefore were aware that Plaintiffs were working in excess of forty hours per week, and that they were not compensating Plaintiffs at the lawful overtime rate, during their employment with Defendants.

45. Due to the Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from Defendants their unpaid overtime compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198, and § 663(1).

## COUNT III
## Violations of New York Labor Law
### (Failure to Pay Minimum Wage)

46. Plaintiffs repeat, reallege, and incorporate by reference the foregoing allegations as if set forth fully and again herein.

47. At all relevant times, Plaintiffs were employed by Defendants within the meaning of the New York Labor Law, §§ 2 and 651.

48. Defendants willfully violated Plaintiffs' rights by failing to pay them the lawfully required hourly rate at least equal to applicable New York State minimum wage for all regular hours worked in violation of the New York Labor Law §§ 190-199, 652, and its supporting regulations, including the New York State Hospitality Wage Order.

15

49. Defendants' failure to pay Plaintiffs the lawfully required minimum hourly rate for all regular hours worked was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations, because Defendants set Plaintiffs' work schedule and rates of pay, and therefore were aware that they were not compensating Plaintiffs at the applicable statutory minimum wage for all regular hours worked during his employment by Defendants.

50. Due to the Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from Defendants their unpaid minimum wage compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198, and § 663(1).

**COUNT IV**

**Violations of New York Labor Law**

**(Failure to Pay Spread-Of-Hours Compensation)**

51. Plaintiffs repeat, reallege, and incorporate by reference the foregoing allegations as if set forth fully and again herein.

52. At all relevant times, Plaintiffs were employed by Defendants within the meaning of the New York Labor Law, §§ 2 and 651.

53. Defendants willfully violated Plaintiffs' rights by failing to pay them an additional hour's pay, at applicable minimum wage, for each shift worked lasting in excess of ten hours in length from start to finish, in violation of the New York Labor Law §§ 650 et

seq. and its supporting regulations.

54. Defendants' failure to pay Plaintiffs the spread-of-hours compensation was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations, because Defendants set Plaintiffs' work schedule and compensation, paid them, and therefore were aware that Plaintiffs were working shifts in excess of ten hours in length and that they were not compensating Plaintiffs for such shifts during their employment by Defendants.

55. Due to the Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from Defendants their unpaid spread-of-hours compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law §§ 198 and 663(1).

<strong><u>COUNT V</u></strong>

<strong><u>Violations of New York Labor Law – Wage Theft Prevention Act</u></strong><br><strong><u>(Failure to Provide Properly Compliant Wage Notices / Wage Statements / Notice at the Time of Hiring and Failure to Maintain Time and Compensation Records)</u></strong>

56. Plaintiffs repeat, reallege, and incorporate by reference the foregoing allegations as if set forth fully and again herein.

57. At all relevant times herein, Plaintiffs were employed by Defendants within the meaning of the New York Labor Law, §§ 2 and 651.

58. Defendants willfully violated Plaintiffs' rights by

17

failing to provide them with the wage notices and statements required by the Wage Theft Prevention Act when they were hired, or at any time thereafter, causing financial harm to Plaintiffs by preventing them from being aware of, informed of and from receiving their lawfully owed compensation including overtime premium and spread-of-hours premium.

59.    Defendants have continued to willfully violate Plaintiffs' rights by failing to provide them with properly compliant weekly wage statements regarding their overtime pay, required by the Wage Theft Prevention Act at any time during their employment, causing financial harm to Plaintiffs by preventing them from receiving their lawfully owed compensation including overtime premium.

60.    Due to the Defendants' New York Labor Law violations relating to the failure to provide Plaintiffs with the properly compliant paystubs, and the resulting financial harm caused, Plaintiffs are entitled to recover from Defendants statutory damages of $250 per day, for each day of their employment by Defendants, up to the maximum statutory damages.

61.    Due to the Defendants' New York Labor Law violations relating to the failure to provide wage notices, and the resulting financial harm caused, Plaintiffs are entitled to recover from Defendants statutory damages of $50 per day for each day of their employment by Defendants, up to the maximum statutory damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court grant the following relief:

A.    A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

B.    An injunction against Defendants and their officers, agents, successors, employees, representatives, and any and all persons acting in concert with them, as provided by law, from engaging in each of the unlawful practices, policies, and patterns set forth herein;

C.    A compensatory award of unpaid minimum wage compensation, at the applicable statutory rate, due under the New York Labor Law.

D.    A compensatory award of unpaid overtime compensation, at the statutory overtime premium rate, due under the FLSA and the New York Labor Law;

E.    A compensatory award of unpaid spread-of-hours compensation, at the applicable statutory rate, due under the New York Labor Law;

F.    An award of liquidated damages as a result of the Defendants' willful failure to pay the applicable minimum wage and overtime compensation pursuant to 29 U.S.C. §216;

G.   An award of liquidated damages for the Defendants' New York Labor Law violations;

H.   An award of statutory damages for the Defendants' violation of the New York Wage Theft Prevention Act;

I.   Back pay;

J.   Punitive damages;

K.   An award of prejudgment and post-judgment interest;

L.   An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

M.   Such other, further, and different relief as this Court deems just and proper.

Dated:  May 1, 2026
        New York, New York

                                        */s/ Michael Samuel*
                                        Michael Samuel, Esq. (MS 7997)
                                        THE SAMUEL LAW FIRM
                                        1441 Broadway
                                        Suite 6085
                                        New York, New York 10018
                                        (212) 563-9884
                                        *Attorneys for Plaintiffs*